Arthur Wachtel, J.
I hereby find and decide that plaintiff is entitled to judgment for treble damages in the amount of $468.60, plus $100 counsel fees. The court is convinced that the defendant’s violation was not willful. However, plaintiff is entitled to treble damages if the violation was the 1 ‘ result of defendant’s failure to take practicable precautions ” against the occurrence of the violation (State Residential Rent Law, § 11, subd. 5; L. 1946, ch. 274, as amd.). Upon this issue, defendant has the burden of proving that the violation was not the result of her failure to take practicable precautions against the occurrences of the violation (§ 11, subd. 5). Merely to “ assume,” as defendant did, that the superintendent would take care of the registration of the rents, and then receive excessive rent for the period alleged, namely, from November, 1955 to August, 1957 without any attempt to verify the maximum rent since defendant took title 11 years ago, even though the rent was increased to $39.15 on a hardship application of the landlord on January 8, 1952, is not, in the opinion of this court, sufficient to sustain defendant’s burden of proof. To hold otherwise would make a mockery of the prohibition against excessive rentals and permit the evasion thereof indirectly, despite the mandatory provisions of section 62 of the State Rent and Eviction Regulations to the contrary.
I order and adjudge that said plaintiff have judgment accordingly. Five days’ stay of execution.